# In the United States Court of Federal Claims

No. 12-449 C
(Filed: October 17, 2012)

```
**************************************
WALTER WOJTCZAK,                      *
                                      *
                  Plaintiff,          *
                                      *
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
                  Defendant.          *
**************************************
```

## OPINION AND ORDER

Before the court is defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction. For the reasons discussed below, the court grants defendant's motion and dismisses plaintiff's complaint.

## I. BACKGROUND

In his complaint, filed July 18, 2012, plaintiff raises numerous allegations against private parties, state agencies, and federal officials. The court distills those allegations as follows. Plaintiff asserts that in September 2007, Safeco Insurance ("Safeco") violated his privacy by checking his credit without his permission. Plaintiff asserts that Safeco's actions constituted a civil rights violation, and therefore, his complaint raises a "constitutional issue." Plaintiff also claims that judges of the United States District Court for the Western District of New York ("District Court") and the United States Court of Appeals for the Second Circuit ("Court of Appeals") as well as all nine Justices of the United States Supreme Court ("Supreme Court") failed to protect him from Safeco's purported unlawful actions, resulting in civil rights violations. Finally, plaintiff advances various allegations against state police and insurance departments for New York and Washington. On September 6, 2012, defendant filed a motion to dismiss under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction. On October 5, 2012, plaintiff filed his response. On October 9, 2012, plaintiff filed a motion to amend his response to defendant's motion to dismiss, which supplements plaintiff's response by providing new arguments in support of his theory for recovery. On that same day, the court deemed that the parties had sufficiently briefed the motion to dismiss, such that defendant need not file a reply.

## II.  APPLICATION TO PROCEED <u>IN FORMA PAUPERIS</u>

With his complaint, plaintiff submitted an application to proceed <u>in forma pauperis</u>.[1] Pursuant to 28 U.S.C. § 1915, courts of the United States are permitted to waive filing fees and security under certain circumstances.[2]  <u>See</u> 28 U.S.C. § 1915(a)(1); <u>see also</u> <u>Hayes v. United States</u>, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike).  Plaintiffs wishing to proceed <u>in forma pauperis</u> must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress.  28 U.S.C. § 1915(a)(1).  In his application to proceed <u>in forma pauperis</u>, plaintiff indicates, under penalty of perjury, that he is not presently employed and receives disability income of $1,500 per month.  In response to the question on the application regarding whether he has received within the past twelve months money from pensions, annuities, or life insurance payments, he responds: "John Han[]cock Life Ins. Loan For Daughter's Move From Florida to N.Y. Nov. 2011, $2500.00 Loan."  Thus, apparently, this is a loan, and not a source of money he has received.  Plaintiff further states that the total money in his checking, savings, or other accounts is less than $60.  Plaintiff has satisfied all three requirements.  Therefore, the court grants plaintiff's application.

## III.  LEGAL STANDARDS

### A.  <u>Pro Se</u> Plaintiff

The Court of Federal Claims holds pleadings of a <u>pro se</u> plaintiff to less stringent standards than litigants represented by counsel.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Courts have "strained [their] proper role in adversary proceedings to the limit, searching . . . to see if plaintiff has a cause of action somewhere displayed."  <u>Ruderer v. United States</u>, 412 F.2d 1285, 1292 (Ct. Cl. 1969).  Although plaintiff's pleadings are held to a less stringent standard, such leniency "with respect to mere formalities does not relieve the burden to meet jurisdictional requirements."  <u>Minehan v. United States</u>, 75 Fed. Cl. 249, 253 (2007); <u>see also</u> <u>Kelley v. Sec'y, U.S. Dep't of Labor</u>, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for <u>pro se</u> litigants only.");

---

[1]  Plaintiff later moved to resubmit his application, believing that the court had not received a complete copy.  The application submitted with his motion is identical to the application plaintiff filed with his complaint.

[2]  While the United States Court of Federal Claims ("Court of Federal Claims") is not considered a "court of the United States" within the meaning of title 28 of the United States Code, the court has jurisdiction to grant or deny an application to proceed <u>in forma pauperis</u>.  <u>See</u> 28 U.S.C. § 2503(d) (2006) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of § 1915); <u>see also</u> <u>Matthews v. United States</u>, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing, <u>inter alia</u>, the court to adjudicate applications to proceed <u>in forma pauperis</u> pursuant to § 1915).

Bernard v. United States, 59 Fed. Cl. 497, 499 (noting that pro se plaintiffs are not excused from satisfying jurisdictional requirements), aff'd, 98 F. App'x 860 (Fed. Cir. 2004). As the court explained in Demes v. United States, "[w]hile a court should be receptive to pro se plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." 52 Fed. Cl. 365, 369 (2002).

### B. Motion to Dismiss Under RCFC 12(b)(1)

Subject matter jurisdiction, which is "an inflexible matter that must be considered before proceeding to evaluate the merits of a case," Matthews, 72 Fed. Cl. at 278, may be challenged at any time by the parties, by the court sua sponte, or on appeal, Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004). The burden of establishing the court's subject matter jurisdiction resides with the party seeking to invoke it. McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). The court "consider[s] the facts alleged in the complaint to be true and correct." Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988); see also Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995) (recognizing the court's obligation to "assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor"); cf. Betz v. United States, 40 Fed. Cl. 286, 290 (1998) (noting that the court is not required to accept plaintiff's framing of the complaint and that it should "look to plaintiff's factual allegations to ascertain the true nature of the claims").

A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, Reynolds, 846 F.2d at 748, and needs only set forth a prima facie showing of jurisdictional facts to survive a motion to dismiss, Raymark Indus., Inc. v. United States, 15 Cl. Ct. 334, 338 (1988). Courts "generally consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record" when deciding a motion to dismiss. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). However, where a defendant or the court challenges jurisdiction, "the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction." Murphy v. United States, 69 Fed. Cl. 593, 600 (2006). The court may consider matters outside the pleadings when examining jurisdiction. Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993); see also Reynolds, 846 F.2d at 748 ("If a motion to dismiss for lack of subject matter jurisdiction . . . challenges the truth of the jurisdictional facts alleged in the complaint, the district court may consider relevant evidence in order to resolve the factual dispute."). If the court finds that it lacks subject matter jurisdiction, then it must dismiss the claim. Matthews, 72 Fed. Cl. at 278; see also RCFC 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

### C. The Tucker Act

The Court of Federal Claims is a court of limited jurisdiction. Jentoft v. United States, 450 F.3d 1342, 1349 (Fed. Cir. 2006) (citing United States v. King, 395 U.S. 1, 3 (1969)). The scope of this court's jurisdiction to entertain claims and grant relief depends upon the extent to which the United States has waived its sovereign immunity. King, 395 U.S. at 4. In "construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fid. Constr. Co. v.

United States, 700 F.2d 1379, 1387 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." King, 395 U.S. at 4. Unless Congress consents to a cause of action against the United States, "there is no jurisdiction in the Court of Claims more than in any other court to entertain suits against the United States." United States v. Sherwood, 312 U.S. 584, 587-88 (1941).

The Tucker Act confers upon the Court of Federal Claims jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Although the Tucker Act waives the sovereign immunity of the United States for claims for money damages, it "itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc portion). The separate source of substantive law must constitute a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc). The court "may not entertain claims outside this specific jurisdictional authority." Adams v. United States, 20 Cl. Ct. 132, 135 (1990).

## IV. DISCUSSION

### A. The Court Lacks Jurisdiction Over Claims Against Parties Other Than the United States

Plaintiff's complaint raises allegations against a private party, Safeco, because it, allegedly, improperly accessed plaintiff's credit and banking information. In addition, the complaint sets forth allegations against state agencies, federal judges, and the Justices of the Supreme Court. "When a plaintiff's complaint names private parties, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations." Shalhoub v. United States, 75 Fed. Cl. 584, 585 (2007) (citing Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003)); see also Sherwood, 312 U.S. at 588 ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); Vlahakis v. United States, 215 Ct. Cl. 1018, 1018 (1978) ("The plaintiff's assertions concerning Illinois state officials and courts are obviously beyond this court's jurisdiction."); Nat'l City Bank of Evansville v. United States, 163 F. Supp. 846, 852 (Ct. Cl. 1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained." (footnotes omitted)). Moreover, the Tucker Act, which confers upon the Court of Federal Claims jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort," 28 U.S.C. § 1491(a)(1), "grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials," Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) (emphasis added); see also RCFC 10(a) (providing that all claims in the

4

Court of Federal Claims must have "the United States designated as the party defendant"). Accordingly, the court must dismiss the complaint for lack of subject matter jurisdiction.

## B. The Court Lacks Jurisdiction To Hear Plaintiff's Constitutional and Civil Rights Claims

Even if this court possessed jurisdiction over complaints raised against federal judges, it would nevertheless lack jurisdiction over plaintiff's claim that, by their actions or inactions, he was subjected to involuntary servitude in violation of the Thirteenth Amendment's prohibition against slavery. The reason is plain: this constitutional provision is not money-mandating; consequently, the court cannot exercise its jurisdiction. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995); Pleasant-Bey v. United States, 99 Fed. Cl. 363, 367 (2011). Plaintiff also claims that the previously identified federal judges violated his civil rights. However, exclusive jurisdiction to hear civil rights claims resides in the federal district courts. See 28 U.S.C. § 1343 (2000); see Modena v. Neff, 91 Fed. Cl. 29, 34 (2010); Pacetti v. United States, 50 Fed. Cl. 239, 254 (2001). Thus, plaintiff's complaint is also subject to dismissal for lack of jurisdiction on alternate grounds because Congress determined that civil rights claims be heard in district courts, not in the Court of Federal Claims.

## V. MISCELLANEOUS MOTIONS FOR RELIEF

Plaintiff also filed several motions (docket numbers 6-16) with the court, largely seeking to either resubmit documents he had already filed with his complaint or to provide additional information in support of the allegations outlined above. The court allowed these motions to be filed by leave, but suspended briefing on them until it had ruled on defendant's motion to dismiss. Because plaintiff still has not raised allegations over which this court has jurisdiction, the court denies these motions as moot.

## VI. CONCLUSION

The court holds as follows:

1.      Defendant's motion to dismiss is **GRANTED** and plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

2.      Plaintiff's application to proceed in forma pauperis is **GRANTED**.

3.      Plaintiff's miscellaneous motions pending before the court (docket numbers 6-16) are **DENIED AS MOOT**.

4.      Plaintiff's motion to amend his response to defendant's motion to dismiss (docket number 21) is **GRANTED**.[3]

---

[3]  On October 9, 2012, plaintiff filed a motion to amend his response to the government's motion to dismiss. The motion supplements plaintiff's October 5, 2012 filing and expands his allegations against those other than the United States, such as federal judges and state agencies,

5

**The Clerk of the Court is directed to enter judgment accordingly.  No costs.**

**IT IS SO ORDERED.**

                                  _____

                                  MARGARET M. SWEENEY
                                  Judge

---

and over which this court lacks jurisdiction.  For instance, plaintiff asserts that certain federal judges committed sedition.  See Vuolo v. United States, No. 2006-5136, 2006 WL 3913417 (Fed. Cir. Dec. 29, 2006) (unpublished per curiam decision) (summarily affirming the Court of Federal Claims' dismissal of a complaint that alleged sedition); Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994) (affirming that the Court of Federal Claims had "no jurisdiction to adjudicate any claims whatsoever under the federal criminal code").  Accordingly, the court will grant plaintiff's motion, such that it will permit plaintiff to amend his October 5, 2012 response by supplementing it with his October 9, 2012 filing; however, plaintiff's supplemental response fails to save his complaint from dismissal.